# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Stephen Gritzuk, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:16-cv-1076-PMD |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GCA Education Services, Inc., GCA ) | |
| Services Group, Inc., and Erie Acquisition ) | |
| Holdings, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Defendants GCA Education Services, Inc. and GCA Services Group, Inc.'s (collectively "GCA") joint motion to transfer (ECF No. 18). For the reasons set forth herein, GCA's motion is denied.

## BACKGROUND

This action arises out of a dispute over non-compete provisions contained in Plaintiff Stephen Gritzuk's employment agreement with GCA Services Group, Inc. and in his stock option agreement with Defendant Erie Acquisition Holdings, Inc. GCA is in the business of providing custodial and facilities management services. Gritzuk, a South Carolina resident, worked for GCA in operations and facilities management for specific sites in the educational sector, and he assisted with GCA's sales in that sector as well.

In early July 2015, Gritzuk notified GCA that he intended to resign. After working two more weeks for GCA, he resigned on July 23. After his resignation, Gritzuk was hired by Harvard Maintenance, Inc., which is also in the business of providing facilities management services. Gritzuk alleges that his employment with Harvard Maintenance does not involve any work in educational sector facilities.

In February 2016, Gritzuk received a letter from an attorney representing GCA stating that his employment with Harvard Maintenance violated the terms of his employment and stock option agreements. In this action, Gritzuk seeks a declaratory judgment that the provisions at issue are invalid and that he need not terminate or modify his employment at Harvard Maintenance.

## PROCEDURAL HISTORY

Defendants removed this case on April 7, 2016. A week later, Erie filed a motion to dismiss for lack of personal jurisdiction. Gritzuk responded on May 2, and Erie replied on May 12. Then, on May 17, GCA filed a motion to transfer, to which Gritzuk responded on June 3. GCA filed a reply on June 13. The Court issued an order on June 28 granting Erie's motion to dismiss for lack of personal jurisdiction and requesting supplemental briefing on GCA's motion to transfer. Gritzuk filed his supplemental brief on July 5 and GCA filed their supplemental brief on July 6. Both sides filed their responses on July 11. Accordingly, this matter is now ripe for consideration.

## LEGAL STANDARD

"Rule 19 of the Federal Rules of Civil Procedure sets forth a two-step inquiry for courts to determine whether a party is necessary and indispensable." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (internal quotation marks omitted). "The first question under Rule 19(a) is whether a party is necessary to a proceeding because of its relationship to the matter under consideration." *Id.* (quoting *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917 (4th Cir. 1999) (internal quotation marks omitted)). "Second, if the party is necessary . . . the court must decide under Rule 19(b) whether the proceeding can continue in that party's absence." *Id.* (quoting *Keal*, 173 F.3d at 917–18 (internal quotation marks omitted)).

"Rule 19 is not to be applied as a 'procedural formula.'" *Id.* (quoting *Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 n.16 (1968)). "Decisions must be made pragmatically, in the context of the substance of each case." *Id.* (quoting *Patterson*, 390 U.S. at 199 n.16) (internal quotation marks omitted). Additionally, "courts must take into account the possible prejudice 'to all parties, including those not before it.'" *Id.* (quoting *Owens–Ill., Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999)). "While dismissal of a case is a 'drastic remedy that should be employed only sparingly,' it is required if a non-joined party is both necessary and indispensable." *Id.* (quoting *Keal*, 173 F.3d at 918).

## DISCUSSION

Before addressing GCA's motion to transfer, the Court must examine whether this case can continue in Erie's absence. The Court notes at the outset that this case does not present a prototypical Rule 19 issue. Here, all three relevant parties were initially a part of the current litigation. However, Erie thereafter moved to dismiss for lack of personal jurisdiction, and the Court granted that motion. As a result of Erie's dismissal, the Court became concerned that there might be an indispensable-party issue pursuant to Rule 19. *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 861 (2008) ("A court with proper jurisdiction may also consider *sua sponte* the absence of a required person and dismiss for failure to join.").

Because Erie cannot be joined, the Court must first determine whether Erie is a necessary party. The advisory committee's notes to Rule 19 emphasize:

> the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court. The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter."

Fed. R. Civ. P. 19(a) advisory committee's note to 1966 amendment.[1]  Here, the Court concludes that freeing Gritzuk from GCA's non-compete provisions would only grant him hollow relief.  In fact, a subsequent suit against Erie would be necessary in order to adjudicate the similar employment restrictions in Erie's stock option agreement.  Gritzuk seeks to work for Harvard Maintenance free from any question of the legality of him doing so.  Because GCA and Erie have both challenged his employment at Harvard Maintenance, a victory over only one of them will not clear the cloud hanging over him.  Thus, the Court concludes that Erie is a party to be joined if feasible.  As briefly discussed above, however, Erie cannot be joined because it is not subject to personal jurisdiction in this district.  "Once the court determines that an absentee is necessary, or, in current Rule terms, is a 'required party[,]' . . . but that joinder of the absentee is not feasible . . . the court has only two options: it may proceed with the pending litigation or it may dismiss the case."[2]  4 James Wm. Moore et al., Moore's Federal Practice § 19.05 (3d ed. 2015).  "Where joinder is not feasible, the question whether the action should proceed turns on the factors outlined in subdivision (b).  The considerations set forth in subdivision (b) are nonexclusive."  *Republic of Philippines*, 553 U.S. at 861.  Rule 19(b) provides:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  The factors for the court to consider include:
>   (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>   (2) the extent to which any prejudice could be lessened or avoided by:
>       (A) protective provisions in the judgment;
>       (B) shaping the relief; or
>       (C) other measures;

---

1.   Although Rule 19 has been amended twice since the 1966 amendments, the substance of the rule has not changed.  *See Republic of Philippines*, 553 U.S. at 855-56.

2.   Despite the two options described above, GCA contends that the Court may nonetheless transfer the case even if it finds that Erie is a required or necessary party.  The Court disagrees.  The text of Rule 19 provides only two options.  The Court cannot add language to the rule.

> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). After consideration of these factors, the Court concludes that dismissal is appropriate here in light of "the public interest in avoiding piecemeal and inefficient litigation." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 253 (4th Cir. 2000) (quoting *Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76, 81 (1st Cir. 1982)). *Moore's Federal Practice* advises that "the major focus [of Rule 19] is equity and good conscience, which permits the court to consider all circumstances bearing on the fairness or advisability of choosing one course over the other." Moore et al., *supra*, § 19.05.

In the Court's view, the parallel employment restrictions contained in the employment agreement and the stock option agreement ought to be adjudicated in a single proceeding. Both the public and the judiciary share an interest in efficient proceedings, and the Court concludes that Erie's absence from this action would necessitate unnecessary duplication of effort were it to continue. Without a complete adjudication of the employment restrictions contained in both the employment agreement and the stock option agreement, Gritzuk could be left without a complete answer as to whether his employment at Harvard Maintenance is permissible. Even if this Court could accord some relief, dismissal would be the superior disposition if there is an alternative forum in which all interested persons can be joined in a single case.

On August 23, 2016, Judge Sheryl H. Lipman of the United States District Court for the Western District of Tennessee held that Gritzuk was subject to personal jurisdiction in Tennessee. While GCA and Erie have maintained their desire to litigate in Tennessee, Gritzuk has consistently expressed his desire to litigate in South Carolina. In support of that argument, he contended that he was not subject to personal jurisdiction in Tennessee. Judge Lipman's

well-reasoned decision undercuts Gritzuk's argument. The Tennessee case involves exactly the same issues as the Court faces in this action. While Tennessee may not have been Gritzuk's preferred forum, the inability of this Court to exercise personal jurisdiction over Erie precludes the Court from providing Gritzuk adequate relief as contemplated by Rule 19. Therefore, due to Erie's status as a necessary party, this Court's inability to afford Gritzuk complete relief, and the ability of the United States District Court for the Eastern District of Tennessee[3] to adjudicate all of these claims simultaneously, the Court dismisses this action.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that GCA's motion to transfer is **DENIED** and this action is **DISMISSED**.

**AND IT IS SO ORDERED.**

*(signature)*
PATRICK MICHAEL DUFFY
United States District Judge

**August 30, 2016**
**Charleston, South Carolina**

---

[3]. Judge Lipman also found that venue was improper in the Western District of Tennessee and transferred the case to the United States District Court for the Eastern District of Tennessee.